ERICSON v. EDISON ELECTRIC ILLUMINATING CO. OF BROOKLYN.

(Supreme Court, Appellate Division, Second Department. March 8, 1901.)

1. MALICIOUS PROSECUTION—PROBABLE CAUSE.
    Where the evidence as to want of probable cause and malice. in an action for malicious prosecution, is conflicting, the question is for the jury.

2. SAME—CONCLUSIVENESS OF VERDICT.
    Where the evidence as to want of probable cause in an action for malicious prosecution is conflicting, the verdict is conclusive thereon.

Appeal from trial term, Kings county.

Action by Andrew Ericson against the Edison Electric Illuminating Company of Brooklyn for malicious prosecution. From a judgment in favor of the plaintiff, and from an order denying a motion for a new trial (64 N. Y. Supp. 498), the defendant appeals. Affirmed.

Argued before GOODRICH, P. J., and WOODWARD, HIRSCHBERG, JENKS, and SEWELL, JJ.

John L. Wells, for appellant.

J. Edward Swanstrom, for respondent.

GOODRICH, P. J. The plaintiff was arrested in October, 1897, at the instance of the defendant, on a charge of "taking, stealing, and carrying away" from the defendant a quantity of electrical current, of the value of 72 cents. After a trial before the magistrate, he was discharged, and brings this action to recover damages for malicious prosecution. He recovered a verdict for $2,500, which the trial justice reduced to $1,500. Motions to dismiss the complaint and to direct a verdict for the defendant were made at the close of all the evidence. These motions were based on the ground that the plaintiff had failed to show "want of probable cause and malice." The court reserved its decision until after the verdict, and subsequently denied the motions. The defendant appeals from the judgment and order.

We had occasion, in Scott v. Coffee Co., 51 App. Div. 321, 64 N. Y. Supp. 1016, to consider the questions which are now brought to our judgment. The rule of law was declared (Mr. Justice Jenks writing) that in an action for malicious prosecution "it is well settled that, if the facts are undisputed and admit of but one inference, probable cause is a question of law, but, if the facts are in dispute or admit of opposing inferences, the question is for the jury. If the facts and law are closely knit, and so not easily susceptible of separate decision, the question is for the jury." It is not necessary to detail the evidence in the present action. It is sufficient to say that the facts shown thereby were not undisputed, and did not admit of but one inference, so that the question of probable cause was not one for the court, but for the jury. The learned trial justice clearly and fairly submitted the questions of want of probable cause and malice to the jury, in a charge which was free from legal fault, and to which no exception on these points was taken. The verdict is necessarily conclusive that there was want of probable cause for the arrest, and the jury were justified in finding that the arrest was malicious. While we have carefully considered the other exceptions raised by the defendant's counsel, and argued in his elaborate brief, we have not deemed it necessary to discuss them, as we find nothing in any of them which affects our decision.

The judgment and order should be affirmed, with costs. All concur.